UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

 JAMES O. YOUNG,

                                    Plaintiff,

                                                            9:24-CV-1286
          v.                                                (BKS/CFH)


DANIEL MARTUSCELLO, III, et al.,

                                    Defendants.

───────────────────────────────────

APPEARANCES:

JAMES O. YOUNG
Plaintiff, pro se
23-B-2114
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                    MICHAEL J. WHALEN, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

I.      **INTRODUCTION**

        Plaintiff James O. Young commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in

forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application").  By Decision

and Order entered on January 22, 2025, this Court granted plaintiff's IFP Application, and

following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b), found that certain claims against defendants Corrections Sergeant Bullock and

Superintendent Uhler survived sua sponte review and required a response.  Dkt. No. 10

("January 2025 Order").  Plaintiff's remaining Section 1983 claims were dismissed without

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state

a claim upon which relief may be granted.  *Id*. at 20.

On March 5, 2025, counsel appeared on behalf of defendants Bullock and Uhler.  *See*

Dkt. No. 17.  Less than two weeks later, plaintiff filed amended complaint as of right.  Dkt.

No. 20 ("Am. Compl.").  On April 7, 2025, counsel filed an answer to the amended complaint.

*See* Dkt. No. 23 ("Answer").

By Decision and Order entered on April 16, 2025, the Court accepted the amended

complaint for filing and found that the following claims survived sua sponte review: (1)

plaintiff's First Amendment retaliation claim against defendant Bullock; and (2) plaintiff's

Eighth Amendment failure-to-protect claims against defendants Bullock and Uhler.  Dkt. No.

25 ("April 2025 Order").  Plaintiff's remaining Section 1983 claims, including those asserted

against Corrections Lieutenant Pilon, were dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted.  *Id*.

Presently before the Court are the following: (1) plaintiff's motion for a preliminary

injunction and restraining order, Dkt. No. 30 ("Motion for Injunctive Relief"); and (2) plaintiff's

2

letter request to supplement his pleading, Dkt. No. 31 ("Letter Request to Supplement").[1] Counsel for defendants Bullock and Uhler has opposed the Motion for Injunctive Relief.  Dkt. No. 32 ("Opposition to Motion for Injunctive Relief").

## II.    MOTION FOR INJUNCTIVE RELIEF

### A.    The Amended Complaint and April 2025 Order

The amended complaint alleges that plaintiff had a negative exchange with defendant Corrections Sergeant Bullock on April 28, 2024, while speaking to this official about grievances that he filed, during which time defendant Bullock threatened to have plaintiff housed with, and assaulted by, other inmates.  Am. Compl. at 4-5.  At some point after this discussion, defendants Corrections Officers "John Doe" allegedly "follow[ed]" defendant Bullock's "order" and housed plaintiff with "known gang members" despite knowing that plaintiff would face a risk of harm based on "housing dangers[.]"  Id. at 5.  The pleading further alleges that plaintiff was issued a misbehavior report on or about September 15, 2024, based on his role in an altercation with an inmate with whom he was housed, which resulted in a disciplinary hearing before defendant Corrections Lieutenant Pilon.  Id. at 4.  According to plaintiff, defendant Pilon referred to plaintiff in a derogatory manner before the hearing began, threatened to "tell everyone" that plaintiff is a "rap-o" if plaintiff spoke during the hearing, removed plaintiff from the hearing, and refused to consider documentary evidence

---

[1]  Roughly three weeks after plaintiff filed the Letter Request to Supplement, he sent the Court over 100 pages of documents, including a state court pleading captioned as "Notice To File A Supplement" with the case number for this action handwritten under the typed caption.  See Dkt. No. 33 ("Supplemental Pleading Submission").

before finding plaintiff guilty of the charges in the misbehavior report and sentencing him to 30 days of keeplock confinement.  *Id*. at 4-5, 25.

In addition to the aforementioned officials, the amended complaint also names New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Daniel Martuscello, III and Upstate Correctional Facility Superintendent Uhler as defendants based on allegations that these officials "knew or should have kn[o]wn through reports and court actions . . . as well as emails, . . . meetings and conference calls" that officials at Upstate Correctional Facility were engaged in wrongdoing.  Am. Compl. at 4-5.

The amended complaint was construed to assert the following Section 1983 claims against the named defendants: (1) a First Amendment retaliation claim against defendant Bullock; (2) Eighth Amendment failure-to-protect claims against defendants Bullock, Pilon, Uhler, Martuscello, and the "Doe" corrections officers; (3) a Fourteenth Amendment disciplinary due process claim against defendant Pilon; and (4) Fourteenth Amendment equal protection claims against defendants Bullock and Pilon.  *See* April 2025 Order at 5.

Following review of the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court found that plaintiff's First Amendment retaliation claim against defendant Bullock and Eighth Amendment failure-to-protect claims against defendants Bullock and Uhler survived sua sponte review and required a response.  *See* April 2025 Order at 6-12.  Plaintiff's remaining Section 1983 claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *Id*. at 12.

4

B.      Overview of Plaintiff's Motion for Injunctive Relief

Plaintiff seeks an order directing that (1) Lieutenant Pilon stop harassing him and encouraging other inmates to harm him, and (2) plaintiff be allowed to remain at Upstate Correctional Facility.  *See* Motion for Injunctive Relief at 4-5.  Plaintiff seeks this relief based on allegations that Lieutenant Pilon (no longer a party) offered to dismiss a disciplinary charge against plaintiff's cellmate on or around April 13, 2025, if the cellmate assaulted plaintiff, which defendant Uhler failed to address despite plaintiff sending him a letter regarding the matter on April 14, 2025.  *Id*. at 1-2.

Defendants oppose the motion on the grounds that (1) plaintiff cannot obtain injunctive relief against non-parties, (2) plaintiff's motion papers improperly seek relief to prevent an injury that is not related to the conduct that gives rise to the underlying claims in this action, (3) plaintiff's motion amounts to an improper "obey the law" injunction, (4) plaintiff has not demonstrated that he will suffer irreparable harm in the absence of the relief he seeks, and (5) the balance of equities do not tip in favor of granting the injunction, and the nature of the relief sought by plaintiff is not in the public interest.  *See generally*, Opposition to Motion for Injunctive Relief.

C.      Analysis

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State*

*Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

The district court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Upon review, plaintiff's Motion for Injunctive Relief is deficient for several reasons. First, plaintiff's motion is based on alleged wrongdoing by Lieutenant Pilon, who is no longer a party to this proceeding.  A request for injunctive relief against non-parties is available only under very limited circumstances, none of which are clearly present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Second, plaintiff's motion is based on alleged events that occurred in April 2025, which bear no relationship to the underlying claims that remain in this action.  *See Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); *Mitchell v. New*

7

*York State Dep't of Corr. Servs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").

Third, plaintiff's motion is based entirely on his own self-serving representation of a hearsay statement from his cellmate, which cannot, by itself, support granting a request for injunctive relief.  *See, e.g., Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("[T]o establish standing for a preliminary injunction, a plaintiff cannot "rest on such 'mere allegations,' [as would be appropriate at the pleading stage] but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)).

8

Finally, the relief that plaintiff seeks, directing a non-party official to stop harassing him, is, in essence, a request that this official obey the law.  "Obey the law" injunctions are vague, do not require a defendant to do anything more than that already imposed by law, subject the defendant to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement.  As such, these injunctions are not favored.  *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). According to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'"  *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

For these reasons, plaintiff's request for injunctive relief is denied without prejudice.

## III.    LETTER REQUEST TO SUPPLEMENT

Plaintiff's one-page Letter Request to Supplement seeks permission to file a supplemental pleading that contains allegations of wrongdoing against Corrections Lieutenant Pilon consistent with the allegations that form the basis of the Motion for Injunctive Relief.  *See* Dkt. No. 31.  However, the state court pleading in the Supplemental Pleading Submission, while more detailed than the allegations in the amended complaint, includes allegations of wrongdoing by Lieutenant Pilon that predate the allegations of wrongdoing in the amended complaint.  *See* Supplemental Pleading Submission at 5-13.  Moreover, the

filing is dated April 5, 2025, and does not include any of the allegations consistent with those that form the basis of the Motion for Injunctive Relief. *See id*.

The filing of a supplemental pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Specifically, Rule 15(d) allows a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21 of the Federal Rules of Civil Procedure, which states that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21.

The standard for a motion to supplement is the same as for a motion to amend the pleadings under Fed. R. Civ. P. 15(a). *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993) (Fisher, M.J.), *adopted by* 835 F. Supp. at 713 (W.D.N.Y. 1993) (Telesca, D.J.). Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15. *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). Thus, leave to supplement should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283); *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) (noting that a party may supplement to include subsequent occurrences "absent prejudice to the nonmoving party"). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court and the court's decision

10

is not subject to review on appeal except for abuse of discretion.  *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001); *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

Under the Local Rules of Practice for the Northern District of New York, when a party seeks to amend a complaint, the proposed amended pleading submitted with the motion to amend "must be a complete pleading, which will supersede the pleading sought to be amended in all respects."  *See* N.D.N.Y. L.R. 15.1(a).  In addition, "[t]he motion must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means."  *Id*.

When a party seeks to supplement a complaint, "the party must limit the proposed supplemental pleading to transactions, occurrences or events which have occurred since the date of the pleading that the party seeks to supplement" and "number the paragraphs in the proposed pleading consecutively to the paragraphs contained in the pleading that it seeks to supplement."  *See* N.D.N.Y. L.R. 15.1(b).

Because the state court pleading submission includes allegations of wrongdoing that predate the allegations of wrongdoing in the amended complaint, the submission cannot be characterized as only a supplemental pleading.  Moreover, because the state court pleading does not clearly identify the proposed insertions and deletions of language or include allegations of wrongdoing described in the Motion for Injunctive Relief, the submission is both procedurally deficient and seemingly incomplete.

Accordingly, plaintiff's Letter Request to Supplement is denied without prejudice to him filing a complete pleading within thirty (30) days that (1) complies with the Local Rules of

Practice for the Northern District of New York, and (2) includes all of the alleged wrongdoing that plaintiff wishes for the Court to consider. Plaintiff is further advised that he will not be afforded another opportunity to amend his pleading in this action, and any supplemental allegations of wrongdoing must bear some relationship to the wrongdoing that forms the basis of the underlying claims in this action. *See Amusement Indus. v. Stern*, No. 07-CV-11586, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 10, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case."); *Mitchell v. Cuomo*, No. 17-CV-0892 (TJM/DJS), 2019 WL 1397195, at *3 (N.D.N.Y. Mar. 28, 2019) (adopting Magistrate Judge's recommendation to deny motion to supplement where "[t]he proposed First Amendment claims are neither related to nor pertain to the allegations in the operative pleading, thus providing a basis to deny amendment under Rule 15(d)"); *Beckett v. Inc. Vill. of Freeport*, No. 11-CV-2163, 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014) ("Supplemental pleadings are limited to subsequent events related to the claim or defense presented in the original pleading." (internal quotation marks omitted)); *see also Brooks v. Rock*, No. 11-CV-1171 (GLS/ATB), 2014 WL 1292232, at *3 (N.D.N.Y. Mar. 28, 2014) (denying motion to amend to add allegations of retaliation and failure to protect from alleged conspiracy, where the original facts occurred in 2011 and the proposed new facts occurred in 2013); *Smith v. Goord*, No. 04-CV-6432, 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (denying motion to add claims against original and new defendants based on events occurring more than one year after the original alleged events).

IV.    CONCLUSION

12

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Injunctive Relief (Dkt. No. 30) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that plaintiff's Letter Request to Supplement (Dkt. No. 31) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that plaintiff shall have thirty days from the date of this Decision and Order to submit complete amended pleading that (1) complies with the Local Rules of Practice for the Northern District of New York, and (2) includes all of the alleged wrongdoing that plaintiff wishes for the Court to consider; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: <u>July 18, 2025</u>
      Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge