**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES O. YOUNG,

Plaintiff,

v.

DONALD G. UHLER, et al.

Defendants.

9:24-CV-01286
(BKS/PJE)

---

**APPEARANCES:** **OF COUNSEL:**

JAMES O. YOUNG
23-B-2114
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458
Plaintiff pro se

HON. LETITIA JAMES
New York State Attorney General
Attorney for Defendant
300 S. State Street, Ste. 300
Syracuse, New York 13202
Attorneys for Defendants

SHAWN C. GRAHAM, ESQ.
Assistant Attorney General

**PAUL J. EVANGELISTA**
**United States Magistrate Judge**

## MEMORANDUM-DECISION & ORDER

Plaintiff James O. Young, proceeding pro se, moves to compel Defendants to produce various categories of discovery. *See* Dkt. No. 82. Defendants oppose the motion. *See* Dkt. No. 86. For the reasons set forth below, plaintiff's motion is **DENIED**.

## I. **Background**

Plaintiff commenced this action against officials and employees of the New York State Department of Corrections and Community Supervision ("DOCCS") on October 21, 2024. *See* Dkt. No. 1. Plaintiff filed the Second Amended Complaint , the operative pleading, on October 9, 2025, alleging misconduct at Upstate Correctional Facility between approximately April and November 2024. *See generally* Dkt. No. 48 ("Second Amended Complaint").

Discovery proceeded over an extended period. Defendants' July 2025 mandatory disclosures included, among other things, plaintiff's medical records, grievance records, disciplinary-appeal documentation, transcripts from disciplinary hearings, and related discovery materials. *See* Dkt. No. 86-1 at 3-6. Defendants stated at that time that additional materials, including hearing transcripts and packets, would be produced as they became available. *See id*. at 4.

Defendants also served responses to plaintiff's document demands. *See* Dkt. No. 86-1 at 8-16. Those responses addressed requests for hearing materials, grievances, personnel and disciplinary information, plaintiff's housing records, and other institutional records. *See id.* In response to later demands, defendants produced, among other things, updated grievance information and plaintiff's housing-placement report. *See* Dkt. No. 86-2 at 1-15.

On April 20, 2026, the Court reset the discovery deadline to May 22, 2026, and the dispositive-motion deadline to June 22, 2026. The Order expressly advised the parties that there would be "NO FURTHER extensions of these deadlines." Dkt. No. 73.

Plaintiff then filed this motion to compel. His memorandum is dated June 18, 2026, and the Court received the submission on June 30, 2026. *See* Dkt. No. 82. Plaintiff seeks approximately twenty-two categories of discovery, including interrogatory responses, disciplinary-hearing audio or video, OSI investigative records, employee disciplinary and grievance information, institutional records, communications, and records concerning events occurring in 2025. *See id.*

Defendants oppose the motion on the grounds that the requested materials have either already been produced, were previously and properly objected to, or were never requested during discovery. *See* Dkt. No. 86.

On August 28, 2026, plaintiff filed a reply with this Court. Because a motion to compel is non-dispositive, reply papers are not permitted absent prior permission from the Court. N.D.N.Y. L.R. 7.1(a)(2). No permission was sought, nor granted; therefore, the Court will not consider plaintiff's reply papers. *See Bruno v. City of Schenectady*, No. 1:12-CV-285 (GTS/RFT), 2014 WL 2707962, at *3 (N.D.N.Y. June 16, 2014) (declining to consider pro se plaintiff's unauthorized reply and corrected reply because reply papers on non-dispositive motions require prior court permission).[1]

## II. **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) permits discovery concerning nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. In determining proportionality, courts consider, among other things, the importance of the issues, the parties' relative access to the information, the importance of the discovery in resolving the issues, and whether the burden is

[1] The Court has provided plaintiff copies of any uncited cases cited herein.

outweighed by the benefit. *See Twin Bridges Waste & Recycling, LLC v. Cnty. Waste & Recycling Serv., Inc.*, No. 1:21-CV-263 (DNHDJS), 2022 WL 5240584, at *2 (N.D.N.Y. Oct. 6, 2022) (listing the proportionality factors to be assessed when considering the scope of discovery).

A party seeking to compel discovery bears the initial burden of identifying the particular discovery request and response at issue and demonstrating a sufficient nexus between the information sought and a claim or defense. *See Hink v. Duffy*, No. 1:24-CV-0279 (BKS/PJE), 2026 WL 2110784, at *2 (N.D.N.Y. July 22, 2026); *Sw. Payroll Serv., Inc. v. Pioneer Bank*, No. 1:19-CV-1349 (FJS/CFH), 2024 WL 6967376, at *1 (N.D.N.Y. Feb. 27, 2024); *United States ex rel. Rubar v. Hayner Hoyt Corp.*, No. 5:14-CV-830 (GLS/CFH), 2018 WL 4473358, at *2 (N.D.N.Y. Sept. 18, 2018). A motion to compel must, therefore, provide the Court with a sufficient basis to determine what discovery remains in dispute, why the requested information is discoverable, and how the responding party's answer, objection, or production is deficient. Federal district courts have broad discretion in deciding motions to compel. *See Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999).

Where a party fails to participate or otherwise cooperate in discovery, the opposing party can seek an order compelling certain discovery. *See* Fed. R. Civ. P. 37. This Court's Local Rules require that any motion to compel discovery be filed no later than fourteen (14) days after the deadline for completing discovery or as otherwise extended by the Court. *See* Dkt. No. 105 at 6 n.6; N.D.N.Y. L.R. 16.2, 37.1(h). "[A] party seeking to file a motion to compel after discovery has closed must . . . establish good cause." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011). A

plaintiff's pro se status does not excuse failure to abide by the District Court's procedural rules.

"As has often been recognized by both the Supreme Court and Second Circuit, even pro se litigants must obey a district court's procedural rules." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426-27 (N.D.N.Y. 2009) (citing *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")); *see also Brunson v. Jonathan*, 677 F. Supp. 2d 640, 642 (W.D.N.Y. 2010) (denying as untimely a pro se plaintiff's motion to compel filed two and a half months late.). "Even assuming plaintiff is entitled to additional solicitude from the Court because of his pro se status, that status "does not function as a substitute for an actual showing of good cause." *Morales v. Mackenzie*, No. 5:17-cv-124, 2021 WL 1018614, at *2 (D. Vt. Mar. 17, 2021) (citation omitted).

## III. **Discussion**

### A. **The Motion is Untimely**

Plaintiff's motion is untimely. The Court directed that discovery be completed by May 22, 2026, and expressly stated that no further extensions would be granted. As noted, the Court's Mandatory Pretrial Discovery and Scheduling Order, Dkt. No. 105, at 6 n.6, and Local Rules 16.2 and 37.1(h), require plaintiff to file any motion to compel discovery within fourteen days following the discovery deadline, which, in this case, required filing on or before June 5, 2026. Plaintiff's motion to compel is dated June 18, 2026, and the Court received the submission on June 30, 2026. Plaintiff does not expressly seek modification of the scheduling order, nor does the motion identify

circumstances explaining why the discovery disputes now presented could not have been raised before discovery expired. "Plaintiff has not offered any justification or cause for his late filing." *Bradshaw v. Welch*, No. 9:21-CV-826 (ECC/PJE), 2026 WL 587707, at *2 (N.D.N.Y. Mar. 3, 2026). Instead, the submission requests substantial additional discovery after the discovery period has already closed. The Court denies the motion as untimely.

The Court nevertheless addresses the principal categories of requested discovery because the parties' submissions independently demonstrate that further compulsory production is not warranted on the present record.

B. **Materials Previously Produced**

Several categories of requested material appear to have already been produced. Defendants' mandatory disclosures included medical records, grievance records, disciplinary-appeal records, and hearing transcripts from disciplinary proceedings occurring during the period relevant to the action. Defendants further state that they produced plaintiff's institutional records and responded to later requests regarding plaintiff's housing placement.

A motion to compel does not establish entitlement to duplicative production merely by repeating a prior request. Plaintiff has not identified with sufficient particularity what portion of the earlier productions is missing or incomplete. Accordingly, to the extent plaintiff seeks materials already produced, the motion is denied.

C. **Audio and Video of Disciplinary Hearings**

Plaintiff seeks audio or video recordings associated with disciplinary hearings. Defendants represent that plaintiff has already been provided transcripts of disciplinary hearings occurring from March through November 2024. Their earlier responses likewise stated that hearing transcripts were requested and that materials not yet included in the disclosures would be forwarded upon receipt.

The present motion does not establish that additional recordings exist, remain in Defendants' possession, custody, or control, or contain material information not reflected in the transcripts already produced. Nor does plaintiff explain with specificity why the existing transcripts are inadequate for the claims presently before the Court. The Court, therefore, denies the request to compel additional hearing recordings.

D. **Records Concerning Other Incarcerated Individuals**

Plaintiff also seeks disciplinary, interview, and other records concerning other incarcerated individuals. Defendants object, arguing that those demands implicate the privacy of nonparties, raise institutional security concerns, and that they previously disclosed incident reports containing relevant witness information.

Plaintiff has not identified with sufficient particularity which nonparty records are necessary to prove an existing claim, what information those individuals possess, or why the information already produced is inadequate. On the present record, the requests are broader than necessary to obtain information relevant and proportional to the claims in this action. Accordingly, the motion is denied as to nonparty inmate records.

E. **Events Occurring in September and December 2025**

A substantial portion of plaintiff's requests concerns incidents allegedly occurring in September and December 2025. Defendants represent that the operative Second Amended Complaint concerns alleged conduct occurring between April and November 2024. Plaintiff has not demonstrated how later incidents in September or December 2025 bear upon a claim or defense arising from the operative pleading.

The fact that plaintiff may wish to pursue claims based upon later events does not, without more, render those events discoverable in this action. Nor may discovery be expanded merely because plaintiff has sought further amendment of his complaint. Therefore, the motion is denied as to discovery concerning the September and December 2025 events.

F. **OSI Investigation**

Plaintiff seeks records from an Office of Special Investigations investigation concerning Defendant Pilon. Defendants represent that OSI Case No. 2025-4379 remains open and that records from that investigation are not presently available even to defense counsel. Whatever relevance such materials might ultimately have, the Court cannot compel defendants to produce records that, on the present record, are not available to them. Moreover, the Court agrees that an ongoing investigative file implicates legitimate confidentiality and institutional security considerations that would have to be addressed before disclosure. Accordingly, the motion to compel the OSI file is denied.

G. **Plaintiff's Proposed "Interrogatories" or Sworn Affidavits**

Plaintiff seeks responses to documents he characterizes as interrogatories or sworn affidavits. The papers attached to plaintiff's motion include a proposed questionnaire seeking information concerning, among other things, correctional

employees' disciplinary histories, arrests, criminal convictions, medication, lawsuits, interactions with plaintiff, grievances, and other subjects.

Defendants characterize these papers as blank proposed affidavits rather than properly-framed interrogatories and contend that several of the questions seek irrelevant or private information. They further state that the individual defendants have submitted declarations addressing their employment and relevant factual knowledge. The Court need not decide whether every question could have been reformulated into a proper discovery request. Plaintiff has not demonstrated that the requested sworn statements are required by the Federal Rules, nor has he identified a basis for requiring defendants to execute affidavits drafted by an adverse party. That portion of the motion is denied.

H. **Employee Disciplinary Records, Grievances, and Outside Litigation**

Plaintiff seeks broadly-framed records concerning disciplinary actions, grievances, and other lawsuits involving defendants and other DOCCS employees. Defendants object on multiple grounds, including relevance, privacy, proportionality, and institutional interests. Their earlier discovery responses likewise show that plaintiff sought personnel and disciplinary information concerning named defendants.

The Court does not adopt the proposition that correction employee disciplinary records are categorically outside the scope of discovery. Depending upon the claims presented, and the nature of the prior conduct, such records may in some circumstances be relevant. Plaintiff's requests here, however, are not sufficiently tailored. He seeks broad categories of personnel, disciplinary, grievance, and litigation

information without establishing a connection between particular prior incidents and a claim or defense in this action. The motion is, therefore, denied as to those records.

I. **Directive 4030**

Plaintiff also asks the Court to compel production of NYS Directive 4030. Defendants state that they have no record that plaintiff requested Directive 4030 during discovery. They distinguish that directive from Directives 4003 and 4942D, which were the subject of prior discovery demands.

Plaintiff has not submitted evidence demonstrating that a demand for Directive 4030 was served on defendants before discovery closed. A motion to compel presupposes an outstanding discovery obligation. It may not be used to initiate a new request after expiration of the discovery period. *See generally ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props. LLC*, No. CV17-1199 (RAM), 2022 WL 2314558, at *18 (D.P.R. June 28, 2022), *report and recommendation adopted as modified sub nom. ML-CFC 2007-6 Puerto Rico Props., LLC. v. BPP Retail Props., LLC*, No. CV 17-1199 (RAM), 2022 WL 2901739 (D.P.R. July 22, 2022) (concluding, “It should be clear by now that the Court cannot compel a party to produce that which it was never asked to produce before.”); *see also Taylor v. O’Hanneson*, No. 11-CV-00538, 2014 WL 2696585, at *3 (E.D. Cal. June 13, 2014) (concluding that a plaintiff "cannot seek by way of motion to compel a document that was never requested prior in the course of discovery"). Therefore, the motion is denied as to Directive 4030.

J. **Defendants’ Boilerplate Objections**

The Court notes that many of defendants’ historical discovery responses employ generalized objections that requests were “overly broad,” “unduly burdensome,”

"vague," "ambiguous," or not reasonably calculated to lead to admissible evidence. *See, e.g.*, Dkt. No. 86-1 at 10-14. The Court does not rely on those boilerplate objections as an independent basis for denying the present motion. Nor does the Court conclude that every objection asserted by defendants was necessarily meritorious. Rather, denial is warranted on the narrower grounds discussed above: plaintiff brought the motion after discovery closed, significant categories of responsive discovery were previously produced, several requests concern events outside the temporal scope of the operative pleading; the OSI records remain unavailable, certain demands are insufficiently tailored, and Directive 4030 does not appear to have been requested during the discovery period.

## IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED,** that plaintiff's motion to compel (Dkt. No. 82) is **DENIED**; and it is further

**ORDERED**, that discovery shall not be reopened on the basis of the present motion; and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order upon parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 30, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge